IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES LIABILITY          )
INSURANCE COMPANY,               )
                                 )
          PLAINTIFF,             )
                                 )
v.                               )   CASE NO. 2:10-cv-374-MEF
                                 )
STERNENBERG CONSTRUCTION, et al., )  (WO - Do Not Publish)
                                 )
          DEFENDANTS.            )

## MEMORANDUM OPINION AND ORDER

By the various claims in this action, two liability insurance companies who wrote policies for a construction company and its owner seek a declaration that they owe no coverage under the policies for either the defense or potential indemnity relating to a lawsuit against the construction company and its owner. This cause is presently before the Court on the motions for summary judgment the insurance companies have filed. For the reasons set forth below, those motions are due to be GRANTED in part and DENIED in part.[1]

### JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant 28 U.S.C. § 1332, based upon the parties' diversity of citizenship[2] and an amount in controversy

---

[1] Also pending before the Court are motions for judgment on the pleadings which the Court will DENY as moot.

[2] Plaintiff United States Liability Insurance Company is a Pennsylvania company with its principal place of business in Pennsylvania. Defendant/Counterclaim Plaintiff/Cross-claim Plaintiff Auto Owners is a Michigan company with its principal place

exceeding $75,000.00, exclusive of interest and costs.  The parties contest neither personal jurisdiction nor venue and the Court finds adequate grounds alleged to support both personal jurisdiction and venue.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

When considering a motion for summary judgment, the Court carefully considers all deposition excerpts, discovery responses, and properly authenticated documents submitted in support of and in opposition to the motion.  In viewing the submissions of the parties, the Court must consider the evidence in the light most favorable to the non-moving party.  Those facts and relevant procedural history are set forth below:

William and Lauda Heilpern ("the Heilperns") retained Cole & Cole Architects to draw plans for the construction of a family residence on eleven acres of land in Pike Road, Alabama.  Cole & Cole Architects invited three different construction companies to bid on the construction project.  Sternenberg Construction Company, a company Robert E. Sternenberg owned, submitted the lowest bid.[3]  In March of 2005, the Heilperns entered into an Owner-Contractor Agreement with Sternenberg Construction Company.  Pursuant to this contract, Sternenberg Construction Company was to construct a residence for the Heilperns who would purchase the residence upon its completion for $1,490,555.

---

of business in Michigan.  The remaining defendants are all citizens of Alabama.  (Compl. at ¶¶ 2-6).

[3]  Sternenberg Construction Company and Robert E. Sternenberg will hereafter be collectively referred to as the Sternenberg Defendants.

On April 3, 2005, United States Liability Insurance Company ("USLI") issued a commercial general liability insurance policy, Policy No. CL1140568A, to the Sternenberg Defendants. The effective dates of this policy was April 3, 2005 to April 3, 2006. This policy provided liability insurance coverage to the Sternenberg Defendants of $1,000,000 per occurrence with a $2,000,000 annual aggregate. The Sternenberg Defendants renewed this policy for a twelve month period in 2006. The renewal policy was Policy No. CL1140568B. In April of 2007, the Sternenberg Defendants renewed the policy for another twelve month period and Policy No. CL1140568B. Before the end of the contractual period, however, the policy was cancelled effective August 3, 2007.

The insuring agreement in the USLI policies provides as follows:

> [USLI] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [USLI] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [USLI] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Furthermore, the insuring agreements specify that the insurance applies to "bodily injury" and "property damage" only if the "bodily injury" or "property damage" is "caused by an occurrence" that takes place in the "coverage territory."[4] The policies define "occurrence" as meaning "an accident, including continuous and repeated exposure to substantially the

---

[4] For purposes of these motions, the parties have not disputed whether the property in question was within the "coverage territory" of the policies.

same general harmful conditions." Like most similar policies, the USLI policies also contain

a variety of exclusions setting forth instances to which the insurance does not apply.

The Sternenberg Defendants obtained a similar liability insurance policy, Policy No.

072317-38389312-07, effective September 25, 2007.  This time Auto-Owners Insurance

Company ("Auto-Owners") issued the policy.  Like the previous policies with USLI, the

Auto-Owners policy provided coverage of $1,000,000 per occurrence and 1 $2,000,000

annual aggregate.  The Sternenberg Defendants renewed this policy at the end of its term,

thereby obtaining insurance coverage through September 25, 2009.

The insuring agreement for the Auto-Owners policies provides that Auto-Owners

> will pay those sums the insured becomes legally obligated to pay as damage because of "bodily injury" or "property damage" to which this insurance applies. [Auto-Owners] will have the right and duty to defend the insured against any suit seeking those damages. .....This insurance applies to "bodily injury" or "property damage" only if: (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";[5] (2) The "bodily injury" or "property damage" occurs during the policy period;...

In the definition section of the policy, the term "occurrence" is defined as meaning "an

accident, including continuous or repeated exposure to substantially the same general harmful

conditions."  As with the USLI policies, the Auto-Owners policy also contains a number of

exclusions setting forth times when the insurance will not provide coverage.

---

[5] For purposes of these motions, the parties have not disputed whether the property in question was within the "coverage territory" of the policies.

4

On November 25, 2008, the Heilperns filed suit against the Sternenberg Defendants, and various fictitious defendants in the Circuit Court of Montgomery County, Alabama. The Heilperns allege that the residence they purchased from the Sternenberg Defendants suffers from numerous defects. Specifically, they complain of flooring which is not level, floors which are bouncy and cupping, raised areas where flooring has joints, leaning walls, ill-fitted exterior doors which allow water to leak, warped and dysfunctional interior doors, uneven and mismatched door frames and ceiling lines, warped and dysfunctional windows, substandard plumbing, exposure to raw sewage because the septic tank is too close to the house, improperly constructed drive-way, improper grading on the property causing drainage problems, unapproved excavation of a pond, dysfunctional electrical outlets, poor workmanship on cabinetry, unsafe playroom stairs, cracked and poor patched arbor, problems with exterior shutters, substandard painting, problems with drafts and heating in certain rooms, moisture and mildew in the carport, broken slate paving at the front entry, a hazardous overhang at the front entry stoop, and numerous unsightly and improper features of the residence. Finally, the Heilperns allege that the residence was not constructed in accordance with the plans and specifications and that the residence has not been completed. Based on these deficiencies, the Heilperns bring the following claims: (1) negligent, willful or wanton construction and supervision of construction; (2) reckless or mistaken false misrepresentations of fact that the house would be well-built and constructed in conformity with the plans and specifications (promissory fraud); (3) fraudulent suppression and

concealment of the fact that the house was not well built and was not built in accordance with the plans and specifications (fraudulent suppression); (4) breach of contract; and (5) breach of implied warranties regarding the construction of the residence.

Auto-Owners and USLI have jointly provided for the legal defense of the Sternenberg Defendants in the Heilperns' lawsuit, but they have done so under a reservation of their rights to contest coverage under the policies.  On April 30, 2010, USLI  filed a Complaint for Declaratory Judgment (Doc. # 1) against the Sternenberg Defendants, the Heilperns, and Auto-Owners.  USLI sought a declaration that it owes neither a duty to defend nor a duty to indemnify the Sternenberg Defendants for the claims brought against it in the underlying action the Heilperns brought.  Auto-Owners brought a Crossclaim against the Sternenberg Defendants.  Auto-Owners also brought a CounterClaim against USLI.  By these claims, Auto-Owners seeks a declaratory judgment that it is not obligated to provide defense or insurance coverage under its policy to the Sternenberg Defendants.

### SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), "a party may move for summary judgment, identifying each claim or defense — or the part of each claim of defense — on which summary judgment is sought."  A court presented with such a motion must grant it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  According to the Supreme Court, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quotation omitted).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quotation omitted).  "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  The Eleventh Circuit Court of Appeals has held that "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

## DISCUSSION

### A. Duty to Defend

#### 1.  Underlying Complaint Does Not Arise Out of an Occurrence

Both Auto-Owners and USLI contend that the allegations contained in the Heilperns'
Complaint against the Sternenberg Defendants do not constitute an "occurrence" as that term
is defined in the insurance policies and consequently, they do not owe a duty to defend under
the policy.  The Sternenberg Defendants, along with the Heilperns argue that the allegations
in the underlying suit do constitute an "occurrence" within the meaning of both policies.
Thus, they contend that USLI and Auto-Owners owe the Sternenberg Defendants a duty to
defend them in the underlying action and also to indemnify them if they are found to be liable
in the underlying action.

The parties agree that as the insured parties, the Sternenberg Defendants, carry the
burden of proving that the claims in the underlying lawsuit fall within the coverage
provisions of the policies.  *See, e.g., Thorn v. Am. States, Ins. Co.*, 26 So. 2d 1346, 1349
(M.D. Ala. 2002); *Colonial Life & Accident Ins. Co. v. Collins*, 194 So. 2d 532, 535 (Ala.
1967).  For obvious reasons, this means that a court determining an insurer's duty to defend
must carefully consider the language of the insurance policy at issue.  *See American Safety
Indemnity Co. v. T.H. Taylor, Inc.*, Civil Action No. 2:10cv48-MHT, 2011 WL 1188433 at
*2 (M.D. Ala. Mar. 29, 2011) (Thompson, J.).  Additionally, a court seeking to determine
whether a insurer owes a duty to defend must consider the allegations of the underlying

8

complaint against the insured. *Hartford Casualty Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1010 (Ala. 2005). "Moreover, it is the allegations in the complaint, 'not the legal phraseology, that determine whether an insurer has a duty to defend its insured in the action." *American Safety,* 2011 WL 1188433 at *3 (citing *Hartford*, 928 So. 2d at 1012). "Indeed, if those allegations 'are irreconcilable with a legal theory ... asserted in the complaint,' the allegations, 'not the mere assertion of a legal theory, determine an insurer's duty to defend.'" *Id.* Simply put, the underlying complaint must contain factual allegations to support legal causes of action within the scope of the policy's coverage; it is not enough for an insured to rely on bare legal conclusions without factual support to establish that the underlying claims are within the scope of the insurance coverage. *Id.* If the allegations of the underlying complaint do not provide a clear answer to the question of coverage, a court may consider facts outside the allegations of the underlying complaint so long as they are proven by admissible evidence. *Id.* at 1010-11. Furthermore, it is worth noting at the outset that the duty to defend is broader than an insurer's duty to indemnify. *See Pharmacists Mut. Ins. Co. v. Godbee Med. Distribs., Inc.,* 733 F. Supp. 2d 1281 (M.D. Ala. 2010).

The insurance policies at issue are all clear that for there to be insurance coverage, there must have been an occurrence. The policies all define occurrence in the same way. Occurrence means an accident. While the policies do not define the term "accident," Alabama law does. The term accident means "an unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could be

9

reasonably anticipated" or "something unforeseen, unexpected, or unusual." *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1011 (Ala. 2005). *See also Auto-Owners Ins. Co. v. L. Thomas Dev., Inc.*, Civil Action No. 2:07cv1041-MHT, 2010 WL 2308190 at * 3 (M.D. Ala. June 9, 2010) (Thompson, J.). Thus, in determining whether an event constitutes an "occurrence," the Court must consider whether the insured expected or intended the conduct alleged in the underlying complaint. *Auto-Owners*, 2010 WL 2308190 at *3.

Here, the factual allegations, as opposed to the legal conclusions, alleged in the underlying complaint are clearly incompatible with the contention that the injuries to the Heilperns were unexpected, unintended, or in any other way accidental. The Heilperns allege that the Sternenberg Defendants constructed the Heilpern residence in a shoddy and substandard way. Furthermore, the Heilperns allege that the Sternenberg Defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Heilperns. The Heilperns allege that the Sternenberg Defendants made representations about the quality and conformity of the construction knowing that the representations were false. With respect to the Heilperns repeated allegations of knowing and intentional fraudulent suppressions or promissory fraud, the Court finds as a matter of law that the underlying claims are clearly not based on a factual predicate within the definition of an "occurrence." *See similarly, American Safety*, 2011 WL 1188433 at *3-*5; *Hermitage Ins. Co. v. Champion,* Civil Action No. 2:09cv398-MHT, 2010 WL 1711049 at * 4-*5 (M.D. Ala. Apr. 27, 2010) (Thompson, J.).

10

Because the factual allegations fail to state an "occurrence" within the meaning of the policy, the Court must address whether the facts which may be proved by admissible evidence state an "occurrence." Nothing in the evidentiary submissions show that the Sternenberg Defendants' actions were unexpected, unintended, or unforeseen results. Consequently, there was no accident and thus no occurrence that would trigger a duty to defend the Sternenberg Defendants from the claims of the Heilperns under any of the policies issued by USLI or Auto-Owners.

### 2. Exclusions in Insurance Contract Result in No Coverage

Both USLI and Auto-Owners argue that several of the claims in the underlying complaint are for types of events specifically excluded from coverage. Under Alabama law, the insurer bears the burden of proving the applicability of any policy exclusion. *See U.S. Fidelity & Guar. Co. v. Armstrong,* 479 So. 2d 1164, 1168 (Ala. 1985). An ambiguous insurance policy must be construed liberally in favor of the insured and in favor of coverage, but if the policy is not ambiguous, the contract must be enforced as written. *See Hermitage*, 2010 WL 1711049 at *3. Here, the Court agrees that both the USLI policies and the Auto-Owners policies unambiguously exclude coverage for the claims asserted in the Heilperns' lawsuit. Specifically, the exclusions relating to breach of contract claims, to damages to the insured's product or work, to intentional torts, to punitive damages, to organic pathogens, and other exclusionary language argued by the two insurance companies provide an alternative ground for this Court's holding that there is no duty to defend under the insurance policies USLI and Auto-Owners issued to the Sternenberg Defendants.

**B. Duty to Indemnify**

While the existence of a duty to defend may be established by the allegations made in the state court action complaint, the insurer's duty to indemnify cannot be determined at a preliminary stage in the proceedings.  The duty to indemnify does not become ripe for adjudication until the insured is in fact held liable in the state court action.  *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995).  *Accord, Pharmacists Mut. Ins. Co. v. Godbee Med. Distribs., Inc.,* 733 F. Supp. 2d 1281, 1288 (M.D. Ala. 2010); *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Roberts Bros., Inc.*, 550 F. Supp. 2d 1295, 1302-03 (S.D. Ala. 2008).  This is because the plaintiff in the state court action may still change the theory of liability and assert a claim that is covered by the policy at issue.  *Ladner & Co. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 104 (Ala. 1977).

As this lawsuit has been brought in federal court under the Declaratory Judgment Act, the Court must decide the issue of ripeness in view of the Constitution's restriction on the exercise of federal judicial power to "cases" and "controversies."  U.S. Const. art. III, § 2.  The Declaratory Judgment Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision."  *Auto-Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1565 (M.D. Ala. 1996) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)).  "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id.* at 1566 (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273

(1941)).

Additionally, the Declaratory Judgment Act states that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C. § 2201 (emphasis added). The Supreme Court has characterized the Declaratory Judgment Act as conferring "a discretion on the courts rather than an absolute right upon the litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "There is . . . nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action . . . . In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of particularity and wise judicial administration." *Id.* at 288 (quoting E. Borchard, Declaratory Judgments 313 (2d ed. 1941)). District courts are vested with such broad discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id.* at 289.

Here, if the Sternenberg Defendants were to prevail in the underlying state court action, the issue of whether Auto-Owners or USLI must indemnify them would be moot, thus the court would never have to reach the issue. Therefore, the Court holds that the issue of indemnification is not sufficiently ripe to present a "case" or "controversy." Even if it were ripe, the Court would still, in its discretion, decline to provide declaratory relief. Therefore, the requests for a declaration that it is under no duty to indemnify the Sternenberg Defendants in the state-court lawsuit brought by the Heilperns is due to be dismissed without prejudice as premature.

13

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED as follows:

1.  The Motion for Summary Judgment (Doc. # 23) filed on November 12, 2010 by USLI is GRANTED in part and DENIED in part.  With respect to the declaratory judgment it seeks with respect to its duty to defend under the insurance policy, it is GRANTED.  With respect to the declaratory judgment it seeks with respect to its duty to indemnify, it is DENIED.

2.  All of USLI's claims relating to a declaration concerning its duty to indemnify are DISMISSED without prejudice as premature.

3.  The Motion for Summary Judgment (Doc. # 26) filed on November 12, 2010 by Auto Owners Insurance Company is GRANTED in part and DENIED in part.  With respect to the declaratory judgment it seeks with respect to its duty to defend under the insurance policy, it is GRANTED.  With respect to the declaratory judgment it seeks with respect to its duty to indemnify, it is DENIED.

4.  All of Auto Owners Insurance Company's cross-claims relating to a declaration concerning its duty to indemnify are DISMISSED without prejudice as premature.

5.  The Motion for Judgment on the Pleadings (Doc. # 36) filed on December 6, 2010 by USLI is DENIED as MOOT.

6.  The Motion for Judgment on the Pleadings (Doc. # 26) filed on November 12, 2010 by Auto Owners Insurance Company is DENIED as MOOT.

7.  All of Auto-Owners Insurance Company's counter-claims against United States Liability Insurance Company are DISMISSED without prejudice as moot in light of the Court's other holdings.

8.  All deadlines and hearings in this case are CANCELLED.  The Motion to Continue on Behalf of Robert Sternenberg and Sternenberg Construction (Doc. # 70) is DENIED as MOOT.

9.  A separate judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this the 16th day of August, 2011.

_____/s/ Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE